1  SCOTT N. SCHOOLS, SC SBN 9990
   United States Attorney
2  JOANN M. SWANSON, CSBN 88143
   Assistant United States Attorney
3  Chief, Civil Division
   ILA C. DEISS, NY SBN 3052909
4  Assistant United States Attorney

5  450 Golden Gate Avenue, Box 36055
   San Francisco, California 94102
6  Telephone: (415) 436-7124
   FAX: (415) 436-7169
7
   Attorneys for Defendants
8

9                    UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11                         SAN JOSE DIVISION

12 NOLAN WAI-YIP DUONG,                  )
   and AMBER YI SHAO,                    )   No. C 07-3018 JW
13                                       )
                Plaintiffs,              )
14                                       )   ANSWER
          v.                             )
15                                       )
   MICHAEL CHERTOFF, Secretary of the    )
16 Department of Homeland Security;      )
   ROBERT S. MUELLER, Director of Federal)
17 Bureau of Investigation,              )
                                         )
18              Defendants.              )
                                         )
19

20     Defendants hereby submit their answer to Plaintiffs' Complaint for Writ in the Nature of
21 Mandamus.
22     1. Defendants admit that the I-485 remains pending, however, the I-130 was approved on June
23 2, 2004.
24                                  **PARTIES**
25     2. Defendants admit the allegations in Paragraph Two with the exception that the applications
26 were filed on November 14, 2003, and the Notice date for the applications are December 13, 2003.
27     3. Defendants admit the allegations in Paragraph Three.
28     4. Defendants admit the allegations in Paragraph Four.

Answer
C07-3018 JW                              1

## JURISDICTION

5. Paragraph Five consists of Plaintiffs' allegation regarding jurisdiction, to which no responsive pleading is required; however, to the extent a responsive pleading is deemed necessary, Defendants deny the allegations in this paragraph.

## VENUE

6. Paragraph Six consists of Plaintiffs' allegations regarding venue, to which no responsive pleading is required; however, to the extent a responsive pleading is deemed necessary, Defendants deny the allegations in this paragraph.

## EXHAUSTION OF REMEDIES

7. Defendants deny the allegations in Paragraph Seven.

## CAUSE OF ACTION

8. Defendants admit the allegations in Paragraph Eight with the exception that the filing date is November 14, 2003.

9. Defendants admit that the I-130 was approved on June 2, 2004, and the I-485 remains pending. Defendants are without sufficient information to admit or deny the remaining allegations in Paragraph Nine.

10. Paragraph Ten consists of Plaintiffs' characterization of the lawsuit, and thus no admission or denial is required; however, to the extent that such allegations are deemed to require an answer, Defendants deny the allegations in this paragraph.

11. Paragraph Eleven consists of Plaintiffs' characterization of the lawsuit, and thus no admission or denial is required; however, to the extent that such allegations are deemed to require an answer, Defendants deny the allegations in this paragraph.

11(a): Plaintiff's I-130 was approved on June 2, 2004.

11(b): Plaintiff has applied for and was granted Advanced Parole valid from September 3, 2005 to September 2, 2006.

11(c): Plaintiff applied for and has received three employment authorization documents (EAD) giving her authorization to work in the United States.

11(d): Paragraph Eleven subparagraph d consists of Plaintiff's characterization of the lawsuit,

and thus no admission or denial is required.

12. Paragraph Twelve consists of Plaintiffs' conclusions of law, and thus no admission or denial is required; however, to the extent that such allegations are deemed to require an answer, Defendants deny the allegations in this paragraph.

**PRAYER**

13. Paragraph Thirteen consists of Plaintiffs' prayer for relief, to which no admission or denial is required; to the extent a responsive pleading is deemed to be required, Defendants deny this paragraph.

**FIRST AFFIRMATIVE DEFENSE**

Plaintiffs' complaint fails to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

The court should dismiss the complaint under Fed. R. Civ. P. 12(b)(6) because Plaintiffs cannot establish that Defendants' duty to act is ministerial, that no other adequate remedy is available, or that Plaintiffs have a clear right to the relief sought. *See* 28 U.S.C. § 1361.

WHEREFORE, Defendants pray for relief as follows:

That judgment be entered for Defendants and against Plaintiffs, dismissing Plaintiffs' complaint with prejudice; that Plaintiffs take nothing; and that the Court grant such further relief as it deems just and proper under the circumstances.

Dated: August 13, 2007                    Respectfully submitted,

                                          SCOTT N. SCHOOLS
                                          United States Attorney


                                                    /s/
                                          ILA C. DEISS
                                          Assistant United States Attorney
                                          Attorneys for Defendants